# Bradley *et al. v.* Bell.

*Bill in Equity to remove Cloud from Title.*

1. *Bill to remove cloud from title; when cannot be maintained by purchaser.*—One who is holder of a bond executed by the owner of lands conditioned to make him a title to the lands described in said bond, upon the payment by him of the purchase money, cannot maintain a bill to remove a cloud from the title to said lands until he has paid the purchase money as provided for in said bond.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellee, V. H. Bell, against the appellants, for the purpose of having removed a cloud from the title to certain lands described in the bill, which, it was averred in the bill, complainant was entitled to.

[Bradley *et al.* v. Bell.]

The averments of the bill are sufficiently set forth in the opinion. The respondents demurred to the bill upon many grounds. The first two grounds of demurrer were as follows: "1. Complainant shows no interest in the land involved, such as entitles him to maintain this suit. 2. The bill of complaint shows that at the time of the filing of the bill, complainant was not in possession of the land involved in the suit, nor had he acquired an equitable title thereto, but that he merely had a contract right in reference thereto, which might never, and for aught that appears, has never, ripened into an equitable title to the land." On the submission of the cause upon the demurrers, the chancellor rendered a decree overruling the demurrers. From this decree the respondents appeal, and assign the rendition thereof as error.

WATTS, TROY & CAFFEY and REESE & McGAUGH, for appellant.—Cited *Echols v. Hubbard*, 90 Ala. 309; 17 Ency. Pl. & Pr., 303, n. 2; 300 n. 2; *Ashurst v. McKenzie*, 92 Ala. 484; 3 Pomeroy, § 1396; *Dick v. Foraker*, 155 U. S. 414.

POWELL & HAMILTON, *contra.*—Cited *Faulk et al. v. Calloway*, 123 Ala. 325; *Scott v. Land Mortgage Investment & Agency Co.*, 127 Ala. 161; *Motes v. Robertson*, 133 Ala. 630; *Shearer v. Sydney Union Bank of Birmingham*, 155 Ala. 352.

McCLELLAN, C. J.—This bill is filed by Bell against Bradley and others. Its purpose and object is to remove a cloud from the title of land. Bell is not in possession. The true title confessedly is not in him, but in the executors or devisees of Mrs. M. M. Tyson, deceased. And even in them, it would seem from the allegations of the bill, the title is equitable, resting upon an equitable estoppel *in pais* against the Bradleys, respondents. Bell claims that he has the equitable title. But the averments of the bill show that he has not. His sole interest in the land rests upon the facts that he is the holder of a bond executed by Mrs. Tyson conditioned to make him a title to this, along with other land upon payment by him of

[Bradley *et al.* v. Bell.]

purchase money. His only connection with or relation to the title is through and by virtue of this executory contract of sale. This is not equitable title. Such title exists when the party has a right to go into a court of equity upon a present status and demand the conveyance to him as the investiture in him of the legal title. This right he has not because he has not paid the purchase money. He may never pay it. So he may never have any title to be conserved by a removal of the alleged cloud. The successors in title, legal or equitable, of his vendor could maintain a bill to remove the cloud, assuming the Bradley claim to be a cloud. Upon the same assumption Bell could probably maintain such bill when he has paid the purchase money. But not now. But if the cloud is never removed, if the Bradleys effectuate their claim to this part of the tract embraced in the contract of sale, Bell would not suffer. He would be entitled to an abatement of the purchase money to the extent of the relative value of their land.

It follows from these views that in our opinion the first and second assignments of demurrer were well made, and that the demurrer should therefore have been sustained. The other questions raised by the demurrer are not and, it would seem, cannot become important in the case, and we therefore do not consider them.

The decree must be reversed, and a decree will be here entered sustaining the demurrer. It is difficult if not impossible to conceive that this bill can be amended so as to give complainant a standing in court; but as the case comes here on a decree on demurrer and not on motion to dismiss for want of equity, complainant will be given leave to amend within thirty days.

Reversed and rendered.

HARALSON, DOWDELL and DENSON, J.J., concurring.